MEMORANDUM *
Mary Lim appeals a judgment following a jury verdict convicting her of ten counts of health care fraud in violation of 18 U.S.C. § 1347. Because the parties are familiar with the facts, we do not recite them except as necessary. Having jurisdiction under 28 U.S.C. § 1291, we reverse.
Lim challenges the sufficiency of the evidence the prosecution presented to support her convictions. We review claims of insufficient evidence de novo. United States v. Wright, 625 F.3d 583, 590 (9th Cir.2010). We consider whether “[v]iew-ing all the evidence introduced at trial, including the erroneously admitted [evidence], in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]” United States v. Preston, 751 F.3d 1008, 1029 (9th Cir.2014) (en banc) (internal quotation marks omitted) (citing Lockhart v. Nelson, 488 U.S. 33, 40-41, 109 S.Ct. 285, 102 L.Ed.2d 265(1988)).
The government concedes that there was insufficient evidence to support counts one through eight; we agree. We also find that the evidence presented was insufficient to support counts nine and ten. Each submission of a fraudulent claim “is a separate execution of the scheme and is itself chargeable as a separate count”; the government must prove that the specific claim underlying each count was false. United States v. Awad, 551 F.3d 930, 938 (9th Cir.2009).
The government prosecuted Lim for submitting false Medicare claims without introducing the underlying claims data in evidence. Although witness Soon Ok Chu testified that she visited the clinic, there was no evidence that Chu was S.C., the alleged beneficiary in counts nine and ten. The government failed to connect Chu’s dates of service with the claim submission dates in the first superseding indictment; *424 it presented no evidence explaining delays between the dates of service in the record and the claim submission dates. Although the record included Medicare remittance notices and Medicare reimbursement checks, Chu’s name was not listed on the notices and the checks did not relate to Chu or her clinic visits. No one testified that counts nine and ten concerned Chu in any way. Indeed, the government offered no evidence linking Chu to the allegedly false claims in counts nine and ten.[1] Viewing the evidence in the light most favorable to the prosecution, including the improperly admitted evidence, we hold there was insufficient evidence to connect beyond a reasonable doubt the false claims alleged in the first superseding indictment with the evidence presented at trial. See Preston, 751 F.3d at 1029.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Although government witness George Salazar testified that he examined the claims underlying counts one through ten and determined the claims had been filed and paid, his testimony never connected Chu to counts nine and ten.